# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARVIN D. VANCE, | : | Case No. 3:24-cv-119 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| KIMBERLY FRISCO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

# ORDER and
# REPORT AND RECOMMENDATION[1]

This case is before the Court upon *pro se* Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) and for a *sua sponte* review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**. However, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted and under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

## I.    PLAINTIFF'S COMPLAINT

Plaintiff's brief description of his case included "veterans civil rights, false bookkeeping, human rights."[2]  *Id.*  When asked to cite the U.S. Civil Statute under which he is filing, Plaintiff

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff's Motion and Complaint were submitted in a combination of lowercase and capital letters. Quoted portions of the filings that appear in this Order and Report and Recommendation use lowercase letters for better readability. The undersigned has taken care to preserve the original meaning, as best as can be determined.

responded, "Ohio [Revised] Code 5901.01 to 5901.14.  (Doc. #1-1, *PageID* #5).  Plaintiff

described his claim as follows:

> While applying for emergency financial help, from this agency. I
> was disrespected, belittle[d], defamed[,] accused of not being
> truthful, I was told by the officer that the agency wouldn't help me!
> So my rights under Revised Code 5901.01 to 5901.14 I was shown
> no compassion, no dignity, and no emotions about my situation. It
> was so bad that I promised myself that I would die before entering
> that agency again.

(Doc. #1-2, *PageID* #8).  Plaintiff's Complaint includes several attachments, including a letter

from the Montgomery County Veterans Service Commission denying his request for financial

assistance.  (Doc. #1-4, *PageID* #20).  Furthermore, the statutes cited by Plaintiff, Ohio Revised

Code §§ 5901.01-.14, establish a "veterans service commission" for each county in Ohio to provide

various services to veterans and their families, including financial assistance.  *See* O.R.C. §§

5901.02, 5901.08-.09, 5901.14-15.  Thus, it appears that the agency Plaintiff refers to is the

Montgomery County Veterans Service Commission.  Plaintiff seeks "to have the Court entitle me

to the balance of 25,000 that I am entitled for a lifetime of veterans benefits."  (Doc. #1-2, *PageID*

#9).

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint upon finding (1) the

claims are frivolous or malicious; (2) it fails to state a claim upon which relief may be granted; or

(3) it seeks monetary relief from a defendant who is immune from such relief.  It is appropriate for

the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective

defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*,

490 U.S. 319, 324 (1989).

In conducting this initial review, the Court accepts Plaintiff's allegations as true and

construes them liberally in his favor.  *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at

*1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff").  However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In addition to the § 1915(e)(2) review, the Court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Williams v. Cincy Urban Apts.,* No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (Weber, D.J.) (citing *Carlock v. Williams,* 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)). Pursuant to Federal Rule of Civil Procedure 8(a)(1), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction …." "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

District courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [or] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties...." 28 U.S.C. § 1332(a).

## III. DISCUSSION

Upon review of Plaintiff's Complaint, the undersigned finds that Plaintiff fails to state a claim upon which relief may be granted. Although Plaintiff indicated that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, (Doc. #1-2, *PageID* #7), it is not clear

from Plaintiff's Complaint whether he is asserting any claims under federal law. *See Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)) ("'courts should not have to guess at the nature of the claim asserted.'"). To the extent that Plaintiff asserts a violation of federal law, although he does not explicitly reference it, he presumably seeks to bring his claim under 42 U.S.C. § 1983, as that is the statutory vehicle to redress alleged violations of rights guaranteed by the United States Constitution or federal statute. *Lomax v. Hennoy*, 151 F.3d 493, 500 (6th Cir. 1998). To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Even construing Plaintiff's complaint liberally, it fails to allege any violation of rights guaranteed by the United States Constitution or federal statute as required to obtain relief under § 1983. *See* 28 U.S.C. § 1983. Moreover, with respect to his state law claims, § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Accordingly, insofar as Plaintiff asserts claims against Defendant under federal law, the undersigned recommends that Plaintiff's claims be dismissed with prejudice.

Furthermore, to the extent that Plaintiff asserts claims under state law, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367. Accordingly, the undersigned recommends that such claims be dismissed without prejudice.

The Court should also dismiss Plaintiff's Complaint because there is no plausible legal basis for establishing subject-matter jurisdiction over this action. Plaintiff indicated that this Court

has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  (Doc. #1-2, *PageID* #7). However, as explained above, Plaintiff's claims against Defendant do not involve or arise under any federal laws or the United States Constitution.  Moreover, Plaintiff's reference to 28 U.S.C. § 1343(A)(3) in support of his assertion of federal-question jurisdiction is misplaced.  (Doc. #1-2, *PageID* #7).  Section 1343(A)(3) of Title 28 of the United States Code provides original jurisdiction for federal district courts in order for a plaintiff "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."  But as discussed above, the facts alleged by Plaintiff do not involve any violations of his constitutional rights or "any Act of Congress providing for equal rights of citizens …."  For these reasons, Plaintiff is unable to establish this Court's subject-matter jurisdiction under 28 U.S.C. § 1331.

Although not specifically alleged, Plaintiff's claim also does not meet the requirements of diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction.  Specifically, Plaintiff has failed to satisfy the complete diversity and amount in controversy requirements of 28 U.S.C. § 1332.  Based on the addresses provided by Plaintiff for himself and Defendant, the parties are residents of Ohio.  (Doc. #1-2, *PageID* #s 6-7).  He does not allege that Defendant may be domiciled elsewhere for purposes of determining her state of citizenship.  Moreover, Plaintiff seeks $25,000 in damages.  *Id.* at 9.  Accordingly, Plaintiff has failed to plausibly allege diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1.      Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3);

2.      The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

3.      The case be terminated on the Court's docket.

May 2, 2024                              *s/Peter B. Silvain, Jr.*
                                        Peter B. Silvain, Jr.
                                        United States Magistrate Judge

7

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).