UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARVIN D. VANCE,

      Plaintiff,                             Case No. 3:24-cv-119

vs.

KIMBERLY FRISCO,                   District Judge Michael J. Newman
                                     Magistrate Judge Peter B. Silvain, Jr.

      Defendant.

---

**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. No. 4); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 2); AND (3) DISMISSING PLAINTIFF'S COMPLAINT (Doc. No. 3)**

---

Plaintiff brings the instant case *pro se* and *in forma pauperis*[1] alleging, in part, "While applying for emergency financial help from this [A]gency, I was disrespected, belittle[d], defamed[,] accused of not being truthful[.] I was told by the officer that the [A]gency wouldn't help me[.]" Doc. No. 3 at PageID 65. For relief, Plaintiff seeks "[t]o have the Court entitle me to the balance of 25,000 [dollars (presumably)] that I am entitled for a lifetime of Veterans Benefits." *Id*. at 66.

The case is before the Court upon the Report and Recommendation of United States Magistrate Judge Peter B. Silvain, Jr. (Doc. No. 2) and Plaintiff's objections (Doc. No. 4). Because Plaintiff is proceeding *in forma pauperis*, Judge Silvain conducted an initial review of Plaintiff's complaint and recommended its dismissal pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted and pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. Doc. No. 2.

---

[1] The Magistrate Judge granted Plaintiff's application to proceed *in forma pauperis*. Doc. No. 2 at PageID at PageID 55.

Accepting Plaintiff's *pro se* allegations as true and liberally construing his complaint and objections in his favor, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Plaintiff contends that the Report and Recommendation does not consider his civil rights and claim of fraud.  He alleges that the Agency, most likely referring to the United States Department of Veterans Affairs, and perhaps the Ohio Department of Veterans Services, committed fraud by concluding that his application for benefits was incomplete when, in fact, it was complete.  Doc. No. 4 at PageID 67.  He also asserts that Ohio Revised Code §§ 124.58, 126.40, 2913, and 5924.73 provide him with grounds for a civil lawsuit.  *Id*.  And he maintains that 42 U.S.C. § 1983 supports his claim for the deprivation of his civil rights by not allowing him benefits when he is in a "hardship situation[.]"  *Id*.

The Court has reviewed *de novo*, as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), Plaintiff's objections and all filings in this matter.  Liberally construing Plaintiff's *pro se* filings in his favor and accepting his factual allegations as true, *see Estelle*, 429 U.S. at 106, the Court finds no merit in Plaintiff's objections.  Judge Silvain's Report and Recommendation is not "clearly erroneous or … contrary to law."  28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). The Court notes that the Veterans Judicial Review Act, 28 U.S.C. § 511(a), precludes a district court from reviewing decisions on veterans' benefits, including constitutional challenges.  *See Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997); *see also Jarrell v. Shulkin*, No. 3:16-cv-95, 2018 WL 1901681, at *3 (S.D. Ohio April 20, 2018).  Plaintiff's potential avenue of relief would be through administrative channels, first by appealing a denial of benefits to the Board of Veterans Appeals, and, if unsuccessful, to the Court of Veterans Appeals.  *Beamon*, 125 F.3d at 967.  If unsuccessful again, "[t]he Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the [Court of Veterans Appeals]."  *Id*.; *see Mitchell v. Dep't of Veterans Affairs*, No. 5:23-CV-P76, 2023 WL 6810094, at *2 (W.D. Ky., Oct. 16, 2023) (same).

2

Accordingly, Plaintiff's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED**, and Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith, and consequently, **DENIES** Plaintiff leave to appeal this Order *in forma pauperis*.

**IT IS SO ORDERED.**

  May 31, 2024                               s/*Michael J. Newman*
                                                     Hon. Michael J. Newman
                                                       United States District Judge